UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YASAMEEN SHARIF,<br><br>Plaintiff,<br>v.<br><br>SIRIUS XM RADIO, INC.,<br>JAMES MEYER, Individually and in his capacity as President of SIRIUS XM RADIO, INC., and JANE DOE(S) AND JOHN DOE(S),<br><br>Defendants. | Case No. *Pending* |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

Defendants Sirius XM Radio Inc. and James Meyer[1] respectfully give notice that they have removed the above-entitled action to the United States District Court for the District of Massachusetts from the Norfolk County Superior Court of the Commonwealth of Massachusetts, and for their Notice of Removal state as follows:

1. Defendants are named in a civil action in an original Complaint filed and pending in the Superior Court of the Commonwealth of Massachusetts, Middlesex County, entitled Yasameen Sharif v. Sirius XM Radio Inc., et al., C.A. No. 2182CV01080. (**Exhibit A**).

2. This is a suit of wholly civil nature. The Complaint alleges conduct taking place in Massachusetts.

3. The United States District Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff seeks relief arising under federal laws.

[1] James Meyer no longer serves in the capacity as President of Sirius XM Radio.

Plaintiff in Count II sues under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, including claims based on alleged violations of the Federal Communications Commission national do not call registry standards and federal regulations implementing the Telephone Consumer Protection Act. (Complaint, ¶¶ 39-44, 56-60). Specifically, Plaintiff alleges unauthorized calls to a personal cellphone number registered on the "do not call list" maintained by the Federal Trade Commission, which Plaintiff asserts triggers protections under the federal Telephone Consumer Protection Act and associated federal regulations. (Complaint, ¶¶ 10, 11). Plaintiff also asserts in Count VI a conspiracy to violate the federal Telephone Consumer Protection Act. Plaintiff's Complaint "necessarily raises a federal question" that is actually disputed and substantial. See Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. of Environmental Management, 585 F.3d 42, 49-51 (1st Cir. 2009).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367. Plaintiff recites alleged violations of federal statutes and regulations as predicates for claimed recovery under state law all tethered to the same alleged personal cellphone calls that Plaintiff claims violated rights. (See, e.g., Complaint, ¶ 48 ("Defendants intentionally intruded upon Sharifs right to privacy by contacting Sharif numerous times while Sharifs number has at all times relevant been included on the do-not-call registry."); Complaint, ¶ 55 ("In addition to violations of the Massachusetts Telephone Solicitations Act, the Defendants also violated numerous provisions of the federal Telephone Consumer Protection Act ("TCPA"), each of which are separate per se violations of G.L. c. 93A."); Complaint, ¶¶ 56-61). Plaintiff also asserts in Count VI a conspiracy to violate state laws predicated on the claimed violations of various federal statutes and regulations, including the Telephone Consumer Protection Act, the Federal Trade Commission Act, and the Federal Communications

Commission do not call registry regulations. Plaintiff's state law claims are inextricably related to the federal claim, form part of the same case or controversy as the claim arising under federal law, and do not raise novel or complex issues of state law.

5. The United States District Court also has original diversity jurisdiction over this action under 28 U.S.C. § 1332, due to diversity of citizenship of the parties and an amount in controversy that exceeds the jurisdictional amount. There is complete diversity of citizenship of the parties and an estimated amount in controversy in excess of $75,000 based upon Plaintiff's allegations in the Complaint. Plaintiff resides in Massachusetts. (Complaint, ¶ 1). Sirius XM Radio Inc. is a New York corporation with primary offices located in New York, New York. According to the Complaint, James Meyer resides in New York. (Complaint ¶¶ 1, 2, 3).[2] Plaintiff seeks actual damages, statutory damages, punitive damages, and mandatory statutory attorney's fees as recovery for the various claims asserted in the Complaint. The combined amount of damages sought by Plaintiff, accepting the validity of Plaintiff's allegations and claims, exceeds $75,000.

6. Defendants are filing this Notice within thirty (30) days of receipt of the Complaint upon it, within thirty (30) days of the date this action became removable, and within the time for filing this Notice. See 28 U.S.C. §1446.

7. Defendants will file a copy of this Notice with the Clerk of the Norfolk County Superior Court, and will serve a copy of the Notice of Removal on all other parties. (**Exhibit B**).

8. Defendants will file a certified or attested copy of the state court record with this Court within fourteen (14) days after the filing of this Notice.

9. Defendants remove this action expressly reserving, and without waiving, all available defenses, including the defense of lack of personal jurisdiction.

[2] Mr. Meyer reportedly no longer resides in New York, but does not reside in Massachusetts.

WHEREFORE, Sirius XM Radio Inc. and James Meyer give notice that the above action now pending in the Norfolk County Superior Court of Massachusetts is removed to United States District Court for the District of Massachusetts.

Respectfully submitted,

**SIRIUS XM RADIO INC. and JAMES MEYER,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (BBO #600069)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA 02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated: December 23, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Peter F. Carr, II
Dated: December 23, 2021 Peter F. Carr, II