# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                          **NORFOLK SUPERIOR COURT**
                                      **DOCKET NO.** 2182 CV 01080

| | |
|---|---|
| YASAMEEN SHARIF,<br>        Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| SIRIUS XM RADIO, INC., | )<br>) |
| JAMES MEYER, individually and in his capacity<br>        as President of SIRIUS XM RADIO, INC.,   and | )<br>)<br>) |
| JANE DOE(S) & JOHN DOE(S),<br>        Defendants | )<br>) |

## COMPLAINT

### PARTIES

1.      Yasameen Sharif ("Sharif") is an individual residing in Needham, Norfolk County, Massachusetts.

2.      SIRIUS XM Radio, Inc. ("Sirius"), is a New York Corporation with a principal place of business located at 1290 Avenue of the Americas, New York, New York, doing business in Massachusetts.

3.      James Meyer ("Meyer"), is an individual residing in New York and is the President of Sirius.

4.      Jane Doe(s) and John Doe(s) (collectively "DOE") are individuals and/or corporations with unknown addresses involved in violations against plaintiff as more fully described hereafter.

**JURISDICTION**

5.      This Court has general personal jurisdiction over the Defendants under the Massachusetts Long Arm Statute, G.L c. 223A, because at all relevant times the Defendants had continuous business contacts with Massachusetts directly by and through their agents.

6.      This Court has personal jurisdiction over the Defendants Sirius, Meyer and John/Jane Doe as they both reside or operate business in Massachusetts and Defendants DOE for all claims arising under the Massachusetts Telemarketing Solicitation Act: "[a] court of the Commonwealth may exercise personal jurisdiction over a nonresident or his executor or administrator as to an action or proceeding authorized by [G.L. c. 159C § 12].".

7.      Venue is proper because a substantial amount of the events giving rise to this action occurred in Massachusetts.

**FACTS**

8.      The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

9.      At all relevant times, the Defendants engage(d) in the business of promoting, marketing, and/or selling automobile radio services.

10.     At all relevant times, Sharif's personal cell phone number, 617-216-9543, has been registered on the "do not call list" maintained by the Federal Trade Commission ("FTC").

11.     Cell phone numbers registered with the FTC are automatically included in the Massachusetts do-not-call list subject to the Massachusetts Telemarketing Solicitation Act ("MTSA") and the TCPA.  See G.L. c. 159C §7.

12.     Including, but not limited to the following dates, Sharif received numerous calls to her phone number from the Defendants and/or their agents, attempting to sell Defendants' automotive radio products and services:

- October 11, 2019 (2 calls – ph. # 339.215.8762)
- October 12, 2019 (1 call – ph. # 339.215.8762)
- October 14, 2019 (1 call – ph. # 339.215.8787)

- October 16, 2019 (1 call – ph. # 339.207.0214)
- October 17, 2019 (1 call – ph. # 339.207.0214)
- October 23, 2019 (1 call – ph. # 866.978.6854)
- October 24, 2019 (1 call – ph. # 877.324.8170)
- October 29, 2019 (1 call – ph. # 339.207.0176)
- October 30, 2019 (1 call – ph. # 339.207.0176)
- October 31, 2019 (1 call – ph. # 339.207.0176)
- November 1, 2019 (1 call – ph. # 339.207.0176)
- November 7, 2019 (1 call – ph. # 313.537.8122)
- November 18, 2019 (1 call – ph. # 339.209.3672)
- November 20, 2019 (1 call – ph. # 339.209.3665)
- November 25, 2019 (1 call – ph. # 339.209.3672)
- November 26, 2019 (1 call – ph. # 339.209.3670)
- November 27, 2019 (1 call – ph. # 339.209.2451)

13.    In total, there were at least 18 calls made by Defendants to Sharif's phone number.

During these phone calls, the person calling Sharif would tell Sharif they were calling from Sirius XM Radio and a call back to several of the phone numbers identifies Sirius XM as the owner of the phone number.

14.    On many occasions, the caller ID that appeared on calls from the Defendants produced false caller identification making it impossible to call Defendants back and the calls often came in using automatic dialing systems as evidenced by the fact that Sirius XM sent Sharif an email informing her that even though they received a registered letter from Sharif requesting they stop with their telephone solicitation calls, these calls may continue until Sirius XM had an opportunity to update their system to include her on their internal do not call list even though she was already on the do not call registry.

15.    During these calls, Sirius called from the following numbers:

- 339.209.2451
- 339.209.3670
- 339.209.3672
- 339.209.3665
- 339.209.3672
- 313.537.8122
- 339.207.0176
- 866.978.6854
- 877.324.8170
- 339.207.0214

- 339.215.8762
- 339.215.8787

16.     Meyer is directly responsible for the oversight of all marketing, telemarketing, and sales calls by Sirius that directly impact Sharif and others on the do not call registry.

17.     On November 27, 2019, Sirius XM contacted Ms. Sharif via email acknowledging her cease and desist letter that was received via certified mail/return receipt by Sirius XM on November 6, 2019.

18.     Despite receiving Ms. Sharif's letter on November 6, 2019, Sirius XM continued to contact Ms. Sharif on 6 more occasions.

19.     Despite requesting to these defendants and/or their agents to stop calling, the calls continued.

20.     On January 9, 2020, Sharif sent via certified mail return receipt a demand letter pursuant to G.L. 93A to Sirius and Meyer in his individual capacity. The letter alleged violations of federal and state law and demanded, *inter alia*, actual and statutory damages.

21.     The Defendants failed to respond to the January 9, 2020 demand letter with a reasonable offer of settlement, especially considering the fact that the statutory violations for non-willful calls in this situation would amount to $14,000.00 minimum and the defendants' calls were, in fact intentional as evidenced and supported by the factual allegations herein, subjecting the defendants to statutory damages amounting $32,000.00.

22.     In response to the 93A demand letter, Sirius XM claims that it engages third-party vendors to contact Sirius XM customers.

23.     Also in response to the 93A demand letter, the Defendants claim the TCPA only "covers" landlines and that the TCPA does not cover cell phones.

24.     Further, in response to the 93A demand letter, Sirius XM claims that a "review of the calls" the telephone calls indicates that Sharif consented to the calls evidencing that Sirius XM recorded these phone calls without Sharif's knowledge or permission.

25.     No prior business relationship existed between Sharif and any of the defendants.

26.     The defendants' calls were harassing.

27.     The defendants' calls were an invasion of privacy interfering with Sharif's daily life and ability to work.

28.     Sharif never gave the Defendants, Sirius or any other Sirius agent or representative permission, authorization, or express written consent to contact her.

29.     Sharif never gave the Defendants authorization to record any phone calls and was never informed that any phone calls received from the Defendants was being recorded.

30.     During each violating call by the Defendants to Sharif, the Defendants never notified Sharif that they were recording any calls in violation of the Massachusetts Recording Statute, G.L. c. 272, § 99.

31.     The Defendants' recordings without Sharif's permission or knowledge are not only unlawful, the attempt to use unlawful recordings is coercive and evidence of a conspiracy to violate Sharif's rights and privacy.

## COUNT I
## AGAINST ALL DEFENDANTS
(Violations of the Massachusetts Telemarketing Solicitation Act, G.L. c. 159C)

32.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

33.     G.L. c. 159C §§ 3 and 4, imposes limitations on making unsolicited telephonic sales calls and prohibits circumventing the use of caller identification.

34.     Specifically, G.L. c. 159C § 3 states that "[a] telephone solicitor shall not make or cause to be made an unsolicited telephonic sales call to a consumer: (i) if the consumer's name and telephone number appear on the then current quarterly no sales solicitation calls listing made available by the office under section 2.

35.     G.L. c. 159C § 4 states that "[n]o telephone solicitor shall intentionally cause to be installed or shall intentionally use a blocking device or service to circumvent a consumer's use of a call identification service or device.

36.     Sharif is entitled to statutory damages of $5,000 for each violation of G.L. c. 159C §§ 3 and 4. See G.L. c. 159C § 8(b). The Defendants made numerous calls to Sharif's phone #617-216-9543 while on the do-not-call list, entitling Sharif to not less than $5,000 in statutory damages or actual damages and mandatory attorney's fees.

37.     Sharif is entitled to statutory damages separate and apart from those under any other federal or state cause of action as "[t]he remedies, duties, prohibitions and penalties provided in [G.L. c. 159C] shall not be exclusive and shall be in addition to all other causes of action, remedies and penalties provided by law, including any applicable remedies pursuant to chapter 93A." See G.L. c. 159C § 13.

## COUNT II
## AGAINST ALL DEFENDANTS
(Violations of the Telephone Consumer Protection Act, 47 U.S.C. §227)

38.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

39.     A private right of action exists pursuant to 47 U.S.C.A. § 227(c)(5) of the Telephone Consumer Protection Act (TCPA), 47 U.S.C.A. § 227 for violation of the Federal Communications Commission's (FCC) national do-not-call registry, 47 C.F.R. § 64.1200(c)(2) & (e) and entity-specific do-not-call list, 47 C.F.R. § 64.1200(d), regulations, promulgated pursuant to the TCPA protection of telephone subscriber privacy rights provisions, 47 U.S.C.A. § 227(c)(1) to (4).

40.     The Defendants violated 47 C.F.R. § 64.1200(c)(2) (as amended by Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44,144 (July 15, 2003)), by engaging in a pattern or practice of initiating telephone solicitations to Sharif's cell phone in Massachusetts, whose telephone number, at all times relevant, was listed on the Federal Trade Commission's do not call registry.

41.     Sharif received more than one telephone call within a 12-month period by or on behalf of the same entity in violation of the regulations prescribed under 47 U.S.C.A. § 227(c).

42.     Defendants violated 47 C.F.R. § 64.1200(d) (as amended by Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44,144 (July 15, 2003)), and its predecessor, 47 C.F.R. § 64.1200(e)(2) (2002), by causing telephone solicitation calls to be made to Sharif's phone in Massachusetts without first instituting procedures for maintaining a list of persons who do not wish to receive telephone solicitations made by or on behalf of Defendants.

43.     Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by causing Sharif's phone to be called, and 16 C.F.R. 310.4(b)(iii)(A), by causing Sharif phone to be called after she had previously asked not to be called.

44.     Defendants without being exempted under 47 U.S.C. § 227 (e)(3)(B), violated 47 U.S.C. § 227(e)(1) by causing a caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain things of value.

45.     These Defendants' violations are willful and knowing, violate the TCPA and give rise to a civil claim thereunder entitling the plaintiff to statutory damages of not less $500 for unintentional calls and not less than $1,500 per call for intentional calls.

## COUNT III
## AGAINST ALL DEFENDANTS
(Invasion of Privacy by Intrusion Upon Seclusion)

46.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

47.     G.L. c. 214, § 1B, inserted by St. 1974, c. 193, § 1, provides in relevant part: "A person shall have a right against unreasonable, substantial or serious interference with his privacy."

48.     Defendants intentionally intruded upon Sharif's right to privacy by contacting Sharif numerous times while Sharif's number has at all times relevant been included on the do-not-call registry.

49.     The telephone calls made and/or that were caused to be made to Sharif by the Defendants were so intrusive as to be considered harassing, "hounding the plaintiff," and "a substantial burden

to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

50.     The conduct of the Defendants resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial, subject to being trebled under G.L. c. 93A §9(3).

**COUNT IV**
**AGAINST ALL DEFENDANTS**
(Violations of the Massachusetts Consumer Protection Act, G.L. c. 93A)

52.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

53.     At all times relevant the Defendants were engaged in trade or commerce within the meaning of G.L. c. 93A §2.

54.     Defendants have engaged in unfair and deceptive practices declared unlawful by G.L. c. 93A. Such acts of unfair competition include, but are not limited to, violations of the Massachusetts Telephone Solicitations Act, and the unreasonable invasion of Sharif's privacy and intrusion on his seclusion.

55.     In addition to violations of the Massachusetts Telephone Solicitations Act, the Defendants also violated numerous provisions of the federal Telephone Consumer Protection Act ("TCPA"), each of which are separate *per se* violations of G.L. c. 93A.

56.     Specifically, among other things, the Defendants knowingly and willfully violated the Federal Communications Commission's (FCC) national do-not-call registry, 16 C.F.R. § 310, 47 C.F.R. § 64.1200(c)(2) and entity-specific do-not-call list, 47 C.F.R. § 64.1200(c)(d)&(e), regulations, promulgated pursuant to the TCPA protection of telephone subscriber privacy rights provisions, 47 U.S.C.A. § 227(c)(1) to (4), and G.L. c. 159C.

57.     Defendants violated 47 C.F.R. § 64.1200(c)(2) (as amended by Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44,144 (July 15, 2003)), by engaging in a pattern or practice of initiating telephone solicitations to Sharif's cell

phone in Massachusetts, whose telephone number, at all times relevant, was listed on the Federal Trade Commission's do not call registry.

58.    Defendants violated 47 C.F.R. § 64.1200(d) (as amended by Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 Fed. Reg. 44,144 (July 15, 2003)), and its predecessor, 47 C.F.R. § 64.1200(e)(2) (2002), by causing telephone solicitation calls to be made to Sharif's cell phone in Massachusetts without first instituting procedures for maintaining a list of persons who do not wish to receive telephone solicitations made by or on behalf of Defendants.

59.    Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by causing Sharif's cell phone to be called, and 16 C.F.R. 310.4(b)(iii)(A), by causing Sharif cell phone to be called after she had previously requested not to be called.

60.    Defendants violated 47 U.S.C. § 227(e)(1) by causing a caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain things of value.

61.    The regulations promulgated by the Massachusetts Attorney General, 940 C.M.R. 3.16, state that "[w]ithout limiting the scope of any other rule, regulation or statute, an act or practice is a violation of M.G.L. c. 92A, § 2 if … (4)" it is a violation of G.L. c. 93A if "[i]t violates the Federal Trade Commission Act … or other Federal Consumer Protection statutes within the purview of M.G.L. c. 93A, § 2.

62.    On  January 9, 2020, Sharif sent Defendants a Massachusetts Consumer Protection Act, G.L. c. 93A 30-day demand letter before commencing an action under G.L. c. 93A.  (See attached hereto Exhibit "A" for a copy of Sharif's demand letter)

63.    On February 12, 2020, the Defendants, Sirius XM and Meyers, sent a response letter to Plaintiff's counsel denying liability.  (See attached hereto Exhibit "B" for a copy of Defendants response)

64.    In its response letter, Sirius XM alleged that cell phone numbers are not covered by the TCPA and MTSA.

65.     The defendants know that TCPA includes cell phone numbers and that contacting Sharif's cell phone number without her express written permission or an existing business relationship violates the TCPA and MTSA.

66.     Furthermore, and more boldly, Sirius XM and Meyers claim that Sharif had an existing business relationship with the defendants knowing this allegation to be false.

67.     Sirius XM and Meyers knowingly false assertions that Sharif had a prior business relationship with the defendants is another unfair and deceptive act that further violates Sharif's rights to not be contacted and an invasion of privacy.

68.     Sirius and Meyers failed to make a reasonable offer of settlement.

69.     The Defendants violations of the Massachusetts Consumer Protection Act were willful and knowing.

**COUNT V**
**AGAINST ALL DEFENDANTS**
(Violations of the Massachusetts Recording Statute, G.L. c. 272, § 99)

70.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

71.     G.L. c. 272, § 99, provides in relevant part: "any aggrieved person whose oral or wire communications were intercepted, disclosed or used except as permitted or authorized by this section or whose personal or property interests or privacy were violated by means of an interception except as permitted or authorized by this section shall have a civil cause of action against any person who so intercepts, discloses or uses such communications or who so violates his personal, property or privacy interest, and shall be entitled to recover from any such person".

72.     G.L. c. 272, § 99 further provides that any person aggrieved shall have (1) actual damages but not less than liquidated damages computed at the rate of $100 per day for each day of violation or $1000, whichever is higher; (2) punitive damages; and (3) reasonable attorney's fee and other litigation disbursements reasonably incurred.

73.     Defendant's intentionally recorded Sharif's phone calls without her knowledge or permission numerous times.

74.     The conduct of the Defendants resulted in multiple invasions of privacy and violations of G.L. 272, § 99 in such a way as would be considered highly offensive to a reasonable person.

75.     As a result of the intrusions, invasions, and violations, Plaintiff is entitled to actual damages and/or liquated, including punitive damages and attorney's fees.

**COUNT VI**
**AGAINST ALL DEFENDANTS**
(Conspiracy to Violate the TCPA, MTSA, and the
Massachusetts Recording Statute, G.L. c. 272, § 99)

76.     The allegations of the preceding paragraphs of this Complaint are realleged and incorporated by reference.

77.     The defendants acting in concert violated Sharif's privacy by soliciting business

78.     The defendants acting in concert together and upon agreement with one another called Sharif in violation of the above-referenced statutes with the intent to solicit business.

79.     The defendants each individually and together recorded conversations with Sharif in violation of the Massachusetts recording statute.

80.     Sharif has been injured by defendants' actions.


**PLAINTIFF REQUESTS A JURY TRIAL**


**WHEREFORE**, as to all Counts, the Plaintiff requests that this Court:

1.  Enter judgment for the Plaintiff against all Defendants;

2.  Award actual damages as determined by the court;

3.  Enjoin Defendants from making further calls to Sharif's phone as provided under the Massachusetts Telemarketing Solicitations Act, G.L. c. 159C § 8(b)(i);

4. Award not less than $5,000 in statutory damages as provided under the Massachusetts Telemarketing Solicitations Act, G.L. c. 159C § 8(b)(ii);

5. Award not less than $27,000 in statutory damages for the intentional violation of the TCPA or in the alternative award not less than $9,000 in statutory damages as provided under 47 U.S.C. §227 should the court find the calls were unintentional violations;

6. Award not less than $1,800 in statutory and punitive damages, including attorney's fees under G.L. c. 272, § 99.

7. Treble all damages as provided under G.L. c. 93A §9(3);

8. Award interest, costs, and *mandatory attorney's fees* pursuant to M.G.L. c. 159;

9. Award punitive damages pursuant to M.G.L. c. 272, § 99; and

10. Award such other relief as this Court deems just and proper.

Respectfully Submitted on Behalf of Plaintiff,
Yasameen Sharif,

Patrick Michaud, Esq.
PO BOX 320675
Boston, MA 02132
857-331-4590 (tele)
pmichaud@michaudlawfirm.com

Date:   12/2/2021

EXHIBIT "A"

**MICHAUD LAW OFFICES**
649 Massachusetts Avenue, 2nd Floor, Suite 6
Cambridge, MA 02139
857-331-4590 (tele)
617-934-1669 (fax)
pmichaud@michaudlawfirm.com[1]

SENT VIA US CERTIFIED MAIL RETURN RECEIPT REQUESTED

January 9, 2020

James Meyer, President
Sirius XM Radio, Inc.
1290 AVENUE OF THE AMERICAS
New York, New York 10104

**RE:   TCPA, MTSA, & M.G.L. c. 93A DEMAND LETTER**

Dear Sir or Madam:

This letter is sent to you, James Meyer ("Meyer"), personally and in your capacity as President at Sirius XM Radio, Inc. ("Sirius XM") pursuant to the Telephone Consumer Protection Act ("TCPA"), the Massachusetts Telephone Solicitation Act ("MTSA"), and, in turn, Massachusetts General Law Chapter 93A ("G.L. c. 93A") – unfair and deceptive practices.

Meyer is directly responsible for the oversight of all marketing, telemarketing, and sales calls by Sirius XM that directly impact Yasameen Sharif ("Sharif") and others on the do not call registry.

On at least 18 occasions, including, but not limited to, the calls on the following dates, Sirius XM called Ms. Sharif:

- October 11, 2019 (2 calls – ph. # 339.215.8762)
- October 12, 2019 (1 call – ph. # 339.215.8762)
- October 14, 2019 (1 call – ph. # 339.215.8787)
- October 16, 2019 (1 call – ph. # 339.207.0214)
- October 17, 2019 (1 call – ph. # 339.207.0214)
- October 23, 2019 (1 call – ph. # 866.978.6854)
- October 24, 2019 (1 call – ph. # 877.324.8170)
- October 29, 2019 (1 call – ph. # 339.207.0176)
- October 30, 2019 (1 call – ph. # 339.207.0176)
- October 31, 2019 (1 call – ph. # 339.207.0176)
- November 1, 2019 (1 call – ph. # 339.207.0176)

---

[1] Licensed to practice in Massachusetts and New York.

- November 7, 2019 (1 call – ph. # 313.537.8122)
- November 18, 2019 (1 call – ph. # 339.209.3672)
- November 20, 2019 (1 call – ph. # 339.209.3665)
- November 25, 2019 (1 call – ph. # 339.209.3672)
- November 26, 2019 (1 call – ph. # 339.209.3670)
- November 27, 2019 (1 call – ph. # 339.209.2451)

On November 27, 2019, Sirius XM contacted Ms. Sharif via email acknowledging her cease and desist letter that was received via certified mail/return receipt by Sirius XM on November 6, 2019. Despite receiving Ms. Sharif's letter on November 6, 2019, Sirius XM continued to contact Ms. Sharif on 6 more occasions.

Sirius XM violated the TCPA and MTSA by placing calls to Sharif's cell phone number [(617) 216-9543] attempting to sell car radio services. Ms. Sharif's phone number is registered on the Federal Trade Commissions "DO NOT CALL" registry.

As a result of these calls, Sharif attempted to make these calls stop, including sending a letter to Sirius XM that was received and *signed* for on November 6, 2019.

Many of the calls that Ms. Sharif received would start with a delay and eventually a live person would pick-up the line. Clearly, Sirius XM was calling using automatic dialing systems and has no systems in place to prevent violations of the do not call registry as evidenced by the delayed response in answering the call. Further evidence of the fact that Sirius XM's calls were intentional, using automatic dialing systems, and had no reasonable systems in place to prevent these calls is the fact that Sirius XM sent an email to Ms. Sharif on November 27, 2019 acknowledging her cease and desist letter, but acknowledging that Ms. Sharif *may still receive some more phone calls until her number was placed on Sirius XM's internal do not call list.*

During these calls, Sirius called from the following spoof numbers using automatic dialing systems:

- 339.209.2451
- 339.209.3670
- 339.209.3672
- 339.209.3665
- 339.209.3672
- 313.537.8122
- 339.207.0176
- 866.978.6854
- 877.324.8170
- 339.207.0214
- 339.215.8762
- 339.215.8787

In order to prevent detection, the callers would call from various disguised or spoofed phone numbers that could not be called back - another unfair & deceptive act. Further, the telemarketers would use automatic dialing systems to place calls – another violation. During the solicitations, Sirius and/or its agents and leads would attempt to sell car radio systems/services. It is a violation of the TCPA and MTSA to call any numbers on the "DO NOT CALL" registry and to utilize automatic dialing systems to call phone numbers on the do not call registry.

These phone calls are not only in violation of the TCPA, MTSA, 93A, but also, Ms. Sharif finds these phone calls to be harassing, interfere with Ms. Sharif's quiet enjoyment, and an invasion of privacy.

Sirius XM has willfully violated the MTSA and TCPA by knowingly disregarding the restrictions imposed by these statutes. Sirius XM's conduct violates several provisions of the TCPA, including 47 U.S.C. 227 and 16 C.F.R. 310, by calling Ms. Sharif's phone numbers.

Furthermore, the actions by Meyer and Sirius XM and its agents are violations of G.L. c.93A and may subject Meyer to personal liability, including treble damages and attorney's fees. In addition, 47 U.S.C. 227(b)(3) provides consumers effected by these violations of the TCPA with the ability to sue and seek statutory damages of $500.00 per violation and, if the violator knowingly breaks the law, the courts may triple these damages. Sirius XM's calls knowingly violated the statute as evidenced by the above-described violations and, therefore, in all likelihood these damages will be trebled and attorney's fees assessed.

Separate and apart from the TCPA, violating the MTSA subjects Sirius XM up to $5000.00 in statutory damages for each separate violation, including *mandatory* attorney's fees. *See* G.L. c. 159C §§ 8 & 13.

Meyer and Sirius XM's actions were deliberate and knowingly made, egregious, and unfair and deceptive in violation of TCPA, MTSA, and G.L. c. 93A as evidenced by their repeated solicitations on at least 6 separate occasions even after being notified in writing  (and their email acknowledgement of their violations).  Therefore, on behalf of Yasameen Sharif, this letter demands that Meyer and Sirius XM make payment in the amount of $30,000.00 (an amount significantly less than Meyer and Sirius XM may be subject to should a court find in Ms. Sharif's favor, which may include multiple damages and attorney's fees pursuant to the MTSA and G.L. 93A) to compensate Ms. Sharif for the harm that Sirius XM and Meyer have caused.

Pursuant to M.G.L. c. 93A, please respond to this request within 30 days of receipt of this letter.  Your failure to do so may subject you to double or treble damages, attorney's fees, and court costs.

Also, please provide me with a copy of your "DO NOT CALL" Policy.

Sincerely,


Patrick Michaud, Esq.

EXHIBIT "B"



**ECKERT**
S E A M A N S
ATTORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC
Two International Place
16ᵗʰ Floor
Boston, MA 02110

TEL   617 342 6800
FAX   617 342 6899
www.eckertseamans.com

February 12, 2020

**FOR SETTLEMENT PURPOSES ONLY**

**VIA EMAIL (pmichaud@michaudlawfirm.com)**
**AND FEDERAL EXPRESS**

Patrick Michaud
Michaud Law Offices
649 Massachusetts Avenue, 2ⁿᵈ Floor, Suite 6
Cambridge, MA 02139

Re:     <u>Yasameen Sharif</u>

Dear Patrick:

As previously advised, this office represents Sirius XM Radio Inc. ("Sirius XM") as legal
counsel with respect to the purported demand letter sent on behalf of Yasameen Sharif pursuant
to G.L. c. 93A dated January 9, 2020 and received by Sirius XM on January 14, 2020
(hereinafter the "Demand Letter"). Without conceding that the correspondence meets the strict
jurisdictional requirements of a statutory demand letter under c. 93A, Sirius XM denies the
allegations and rejects the claims upon due investigation and application of the law.

Sirius XM is not a telemarketer, and did not initiate any calls to your client's cellphone. Sirius
XM engages third-party vendors to contact Sirius XM customers. Our investigation indicates
that the third-party vendors did not utilize automated or computerized predictive dialer systems.
Thus, the TCPA is not triggered with respect to the contacts. <u>See</u> 47 U.S.C § 227(b)(1)(A); <u>see
also</u> <u>See Jones v. FMA Alliance Ltd.</u>, 978 F.Supp.2d 84, 87 (D. Mass. 2013).

In addition, § 227(b)(1)(B) of the TCPA covers only residential landlines. <u>See McDermet v.
John C. Heath, Attorney at Law, PLLC</u>, 2018 WL 627371, at * 2-3 (D.Mass. Jan. 30, 2018).
The Demand Letter alleges contacts through calls to your client's cellphone.

Further, a review of the calls indicates that your client did not object to the contacts and, in
certain instances, requested a call-back. These facts, among others, demonstrate consent by
your client to engage in the communications. Also, Sirius XM enjoyed a preexisting customer
relationship with Yasameen Sharif. The calls placed were not random solicitations as you
characterize in the Demand Letter. <u>See</u> 47 U.S.C § 227(b)(1)(C); G.L. c. 159C, § 1.

Because the c. 93A claim is predicated solely on the failed alleged violations of the TCPA and
the MTSA at G.L. c. 159C, there is no c. 93A violation. <u>See Jones</u>, 978 F.Supp.2d at 87
(concluding that "[b]ecause Plaintiff did not establish the existence of a viable TCPA claim, his



**ECKERT**
S E A M A N S
ATTORNEYS AT LAW

Patrick Michaud, Esquire
February 12, 2020
Page 2

derivative Chapter 93A claim fails as a matter of law"). Even so, the mere claimed violation of the TCPA or the MTSA is not a per se statutory violation of c. 93A. Jones v. Experian Infor. Systems, Inc., 141 F.Supp.3d 159, 163-164 (D.Mass. 2015). Independent unfair or deceptive conduct by Sirius XM towards your client is lacking on the face of the Demand Letter. I am unaware of any legal basis to hold Sirius XM vicariously liable under c. 93A for alleged acts or omissions of an independent contractor.

In addition, you do not identify any c. 93A violation by Sirius XM, or the third-party vendors for that matter, that caused your client to suffer any actual loss or damage. Causation is an essential element of recovery under c. 93A. See Tyler v. Michaels Stores, Inc., 464 Mass. 492, 503 (2013) ("[T]he violation of the legal right that has created the unfair or deceptive act or practice must cause the consumer some kind of separate, identifiable harm arising from the violation itself."); Shaulis v. Nordstrom, Inc., 865 F.3d 1, 10 (1st Cir.2017) (a consumer claim under c. 93A requires proof of "real economic damages," separate from the violation itself; it is not enough to prove a violation of an abstract right, or merely subjective emotional injuries). Thus, you fail to specify any unfair or deceptive practices by Sirius XM in violation of c. 93A.

Therefore, Sirius XM did not violate Massachusetts or federal law. Similarly, you state no facts to support any claims against individual officers of Sirius XM.

Nonetheless, without admission of liability, Sirius XM offers to pay your client $1,500.00 in full and complete satisfaction of all claims that were asserted or could have been asserted in the Demand Letter. This offer is conditioned upon the execution of a settlement agreement which shall include a general release of liability of Sirius XM, mutual confidentiality, a requirement that Yasameen Sharif shall notify Sirius XM in writing of any phone numbers on which your client does not want to receive calls (now or in the future), and mutual non-disparagement in addition to other typical and customary settlement terms. Sirius XM will pay $1,500.00 within thirty (30) days of the execution of the settlement documents and a valid form W-9. This offer shall remain open for ten (10) days.

Sirius XM considers this a reasonable response, which will bar recovery of any enhanced remedies under c. 93A in the event your client pursues future legal action. See Capp Homes v. Duarte, 617 F.2d 900 (1st Cir.1980). Meanwhile, Sirius XM reserves all rights, and nothing in this letter shall be deemed an admission or a waiver of any defenses.

Very truly yours,

Peter F. Carr, II
PFC/var

cc:    Client

{K0827301.1}